UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| KAM LUY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-21-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| LADONNA THOMPSON | ) | **MEMORANDUM OPINION** |
| and JOSEPH MEKO, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Plaintiff Kam Luy is an individual confined at the Little Sandy Correctional Complex in Sandy Hook, Kentucky. Luy has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 [R. 2] and paid the filing fee. [R. 5] Having reviewed the Complaint,[1] the Court must dismiss it for the reasons set forth below.

In his Complaint, Luy alleges that on August 1, 2005, he completed a Vocational Training Program in carpentry while housed at the Kentucky State Reformatory in LaGrange, Kentucky. Luy contends that he was granted sixty days of Educational Good Time credits to be awarded against service of his sentence. Following his transfer to Little Sandy, as he

---

[1] The Court conducts a preliminary review of civil rights complaints. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the plaintiff's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

approached the expiration of his term of incarceration he learned that he was not being credited for this time because he had not completed the Sex Offender Treatment Program. While Luy concedes that generally statutory good time credits are not available to convicted sex offenders until such time as the Sex Offender Treatment Program is completed, he contends that educational good time credits are excepted from this requirement by virtue of Ky. Rev. Stat. 197.045(1). Luy indicates that because he was denied this credit, his release date was improperly postponed from February 7, 2010 to April 8, 2010. Luy has sued both warden Meko and Kentucky Department of Corrections ("KDOC") Commissioner Thompson in their official capacities and seeks punitive damages.

Federal law requires the Court to screen complaints filed by prisoners which assert civil claims against governmental entities or employees, 28 U.S.C. § 1915A(a), and to dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Because a claim must state sufficient factual matter which, if accepted as true, would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), a claim is subject to dismissal for failure to state a claim where the complaint pleads facts that are "merely consistent with" a defendant's liability. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

First, Luy's claims against the Defendants in their official capacities are claims against the KDOC. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal

liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). The Eleventh Amendment prohibits the exercise of subject matter jurisdiction by a federal court over a claim for money damages against the state, and the Court therefore lacks jurisdiction over Luy's official capacity claims. *Kelley v. Metropolitan County Bd. of Educ. of Nashville and Davidson County, Tenn.*, 836 F.2d 986, 988-95 (6th Cir. 1987). Even if this were not so, the KDOC is a state agency, an entity which is not a "person" amenable to a suit for damages under Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Wells v. Brown*, 891 F.3d 591, 592-93 (6th Cir. 1989). The Complaint is therefore also subject to dismissal for failure to state a claim.

Second, even were Luy pursuing damages against the Defendants in their individual capacities for the allegedly unconstitutional confinement, his claims are barred by the "favorable termination" rule. Because Luy's claims would, if proven, necessarily imply the invalidity of the term of incarceration imposed, he must demonstrate that, prior to bringing suit, an appropriate tribunal has determined that the state was in error in convicting him or imprisoning him past his correct release date. *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994); *Aljammi v. Wall*, 2009 WL 3615977 (D.R.I. October 30, 2009); *Battle v. Marquardt*, 2006 WL 1073068, at *2 (W.D. Pa. April 21, 2006) (dismissing civil rights action arising out of allegedly wrongful delay in release under *Heck* ). Because a plaintiff must allege and demonstrate that such a favorable termination occurred, *Avery v. Nicol*, 2000 WL 282903, at *2 (6th Cir. March 10, 2000), Luy's claims for damages are premature until such time as he has obtained the predicate relief. *Walker v. Donelli*, 2009 WL 973445, at *4 (N.D.N.Y.

April 9, 2009).

Accordingly, it is **ORDERED** that:

1.  Plaintiff's Complaint [R. 2] is **DISMISSED WITH PREJUDICE**.

2.  The Court will enter an appropriate Judgment.

This the 17th day of May, 2010

Signed By:
Henry R Wilhoit Jr.
United States District Judge